

DA 07-0668

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 357

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

JOSEPH SMIETANKA,

   Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,
       In and For the County of Jefferson, Cause No. DC 06-2065
       Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Jack H. Morris, Jardine, Morris & Tranel, Whitehall, Montana

   For Appellee:

     Hon. Mike McGrath, Montana Attorney General; J. Stuart Segrest, Assistant
     Attorney General, Helena, Montana

     Matthew Johnson, Jefferson County Attorney, Boulder, Montana

         Submitted on Briefs: August 27, 2008

             Decided: October 21, 2008

Filed:

            _____
                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Joseph Smietanka (Smietanka) appeals from the judgment entered by the Fifth Judicial District Court, Jefferson County on his conviction and sentence for the misdemeanor offenses of assault and negligent endangerment. We reverse and remand for resentencing.

¶2 Smietanka raises the following issues on appeal:

¶3 1. Did the District Court err in ordering Smietanka to pay restitution without adequate documentary support as required by § 46-18-242, MCA?

¶4 2. Did the prosecutor breach the plea agreement by recommending imposition of a sentence in excess of that which the prosecutor had agreed to recommend?

## BACKGROUND

¶5 The State of Montana (State) charged Smietanka by information with the felony offense of sexual intercourse without consent. Smietanka and the State subsequently entered into a plea agreement pursuant to which the State agreed to amend the information to charge misdemeanor offenses of assault and negligent endangerment and eliminate the sexual intercourse without consent offense. The State further agreed to recommend that the District Court sentence Smietanka to a 6-month suspended sentence on each count, with the sentences to run concurrently, and with credit for 200 days for time served in jail. In return, Smietanka agreed to plead guilty to the two misdemeanor offenses and to pay a fine, public defender fees and costs as determined by the court.

¶6 Smietanka appeared in District Court and pled guilty to the two misdemeanor offenses. The court accepted his guilty pleas and proceeded directly to sentencing. The State then recommended a 6-month suspended sentence on the assault offense and a

concurrent 12-month suspended sentence on the negligent endangerment offense, with 200 days credit for time served. The State also requested the court impose restitution payable to the Montana Department of Justice's Crime Victim Compensation Program (CVCP). In support of its request for restitution, the State presented the court with a letter from the CVCP stating that the victim of Smietanka's offenses had filed an application for compensation benefits and that "[i]f benefits are awarded, a summary of payments will be forwarded . . . ." The State also called Deputy County Attorney Tiffany Heaton as a witness, who testified that she had called the CVCP, verified that the CVCP paid $765.98 on behalf of the victim, and made a handwritten notation to that effect at the bottom of the CVCP letter.

¶7 The District Court sentenced Smietanka on the assault offense to a 6-month suspended term in the Jefferson County Jail. It deferred imposition of sentence on the negligent endangerment offense for 2 years. Smietanka was given credit against his sentences for 200 days of time served in jail. The court also imposed restitution of $765.98, public defender fees of $1000, and various fees and surcharges. The court entered judgment on the convictions and sentences, and Smietanka appeals.

**DISCUSSION**

¶8 *1. Did the District Court err in ordering Smietanka to pay restitution without adequate documentary support as required by § 46-18-242, MCA?*

¶9 Smietanka argues that the District Court erred in imposing restitution of $765.98 to reimburse the CVCP because the State failed to submit sufficient documentary evidence in support of the restitution request as required by statute. In that regard, § 46-18-242, MCA,

3

provides that where, as here, a presentence investigation report is not requested, a sentencing court shall accept at the time of sentencing evidence of a victim's loss in the form of "an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim."

¶10 Smietanka contends that the State failed to present the District Court with an affidavit from the CVCP specifically describing its alleged pecuniary loss and the State concedes that it failed to present the required affidavit describing the nature of the expenses for which it requested reimbursement. In light of this concession, we hold that the District Court erred in ordering Smietanka to pay restitution without adequate documentary support as required by § 46-18-242, MCA.

¶11 ***2. Did the prosecutor breach the plea agreement by recommending imposition of a sentence in excess of that which the prosecutor had agreed to recommend?***

¶12 The plea agreement in this case provided that the State would recommend the District Court sentence Smietanka to concurrent 6-month suspended sentences on each of the two counts. At the sentencing hearing, however, the prosecutor recommended a 6-month suspended sentence on the assault count and a 12-month concurrent suspended sentence on the negligent endangerment count. Smietanka contends that this recommendation constituted a breach of the plea agreement and he requests us to remand to the District Court for resentencing.

¶13 "A plea agreement is a contract between the State and a defendant." *State v. Bartosh*, 2007 MT 59, ¶ 19, 336 Mont. 212, ¶ 19, 154 P.3d 58, ¶ 19. Prosecutors are required to meet strict and meticulous standards in both promise and performance when fulfilling the State's

4

obligations pursuant to a plea agreement. *Bartosh*, ¶ 19. A prosecutor's violation of a plea agreement is unacceptable, even when made inadvertently in a good faith pursuit of a just outcome. *Bartosh*, ¶ 19.

¶14    Here, the State concedes that the prosecutor's recommendation of a 12-month suspended sentence on the negligent endangerment offense violated the plea agreement. We hold, therefore, that the prosecutor breached the plea agreement by recommending imposition of a sentence in excess of that which the prosecutor had agreed to recommend.

¶15    Reversed and remanded to the District Court for resentencing.

/S/ KARLA M. GRAY

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE