JUSTICE NELSON
dissents.
¶47 I dissent from the Court’s Opinion as to Issues 1 and 3, and since I would reverse and remand for a new trial on Issue 1, I do not reach Issue 2.
¶48 First, I disagree with the Court’s resolution of Issue 1. In my view, Instruction 17 misstates the law. Over objection, the court gave Instruction 17 as follows:
In a criminal case, a person acts negligently when an act is done with a conscious disregard of the risk, or when the person should be aware of the risk by driving a motor vehicle after consuming alcohol and failing to yield the right of way to oncoming traffic on a highway.
The risk must be of a nature and degree that to disregard it involves gross deviation from the standard of conduct that a reasonable person would observe in the actor’s situation. ‘Cross deviation” means a deviation that is considerably greater than lack of ordinary care. [Emphasis added.]
¶49 The pattern instruction (MCJI 2-105) states: “A person acts negligently when an act is done with a conscious disregard of the risk, or when the person should be aware of the risk by [here insert applicable conduct related to the case].” According to the State, the purpose of inserting language that describes the particular acts alleged to have been negligently performed is simply to specify those acts that the jurors were required to review in deciding whether negligence had been proven, not to decide the issue for them. While that may be true, the bolded language in the court’s Instruction 17 misstates the law. The applicable conduct which should have been inserted in the *133 instruction was driving while under the influence of alcohol. DUI is a criminal offense. Driving a motor vehicle “after consuming alcohol” is not a criminal offense. It becomes a criminal offense only if, after consuming alcohol, the driver is “under the influence.”
¶50 Instruction 17 informed the jury that it could determine that defendant acted negligently in one of two ways: (1) if he acted with a conscious disregard of the risk; or (2) if he should have been aware of the risk of driving a motor vehicle after consuming alcohol and by failing to yield the right-of-way to oncoming traffic on a highway. The trial evidence was undisputed that the defendant had consumed alcohol at some point prior to the accident. The evidence was, however, that at the time of the accident his blood alcohol level could have been as low as 0.07 or as high as 0.13. If his blood alcohol level was 0.07, then he was presumptively not under the influence, although his alcohol concentration was properly considered as competent evidence. See §61-8-401(4), MCA.
¶51 I am not persuaded by the Court’s determination, Opinion, ¶ 24, that any error in giving this instruction was cured by all of the other instructions. Instruction 17 is unlike any that this Court has ever approved. Since here we approve Instruction 17, now a defendant can be found criminally negligent if he drives a motor vehicle after consuming alcohol whether he is under the influence or not. That is not the law, and, accordingly, I would reverse and remand for a new trial with a proper instruction.
¶52 I address Issue 3 because I strongly disagree with the Court’s determination to “deem” Robyn Troyer’s sworn testimony at the sentencing hearing as satisfying the affidavit requirement imposed under §46-18-242(1), MCA. Opinion, ¶ 37. In one sentence the Court baldly abrogates a fundamental requirement of the statute and establishes precedent that will allow prosecutors, probation officers and trial courts across the state to simply ignore the affidavit requirement of §46-18-242(1), MCA, and, instead, substitute sworn testimony at the sentencing hearing.
¶53 A sentencing court is not authorized to impose a condition of restitution on a sentence until all of the detailed procedures in §§46-18-241 to -249, MCA, are satisfied. State v. Pritchett, 2000 MT 261, ¶ 7, 302 Mont. 1, 11 P.3d 539; State v. Benoit, 2002 MT 166, ¶ 23, 310 Mont. 449, 51 P.3d 495; see also State v. Hunt, 2009 MT 265, ¶ 16, 352 Mont. 70, 214 P.3d 1234.
¶54 Section 46-18-242, MCA, provides:
*134 (1) Whenever the court believes that a victim may have sustained a pecuniary loss or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
(a) a list of the offender’s assets; and
(b) an affidavit that specifically describes the victim’s pecuniary loss and the replacement value in dollars of the loss, submitted by the victim.
(2) When a presentence report is not authorized or requested, the court shall accept evidence of the victim’s loss at the time of sentencing.
¶55 An affidavit is defined as “a written declaration under oath, made without notice to the adverse party.”Section 26-1-1001, MCA; see also Black’s Law Dictionary 62 (Bryan A. Garner ed., 8th ed., West 2004) (An affidavit is ‘Ta] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.”). The form of an ordinary oath is also defined in statute as follows:
An oath or affirmation in an action or proceeding may be administered by the person who swears or affirms expressing that person’s assent when addressed with ‘You do solemnly swear (or affirm, as the case may be) that the evidence you will give in this issue (or matter), pending between .... and ...., is the truth, the whole truth, and nothing but the truth, so help you God.”
Section 1-6-102, MCA.
¶56 Quite simply, sworn testimony is not the same thing as a “written declaration under oath.” See McDermott v. Carie, LLC, 2005 MT 293, 329 Mont. 295, 124 P.3d 168 (holding strictly to the requirement that an affidavit must be sworn to on the basis of personal knowledge). Ms. Troyer’s sworn testimony is not, by definition, an affidavit, and it cannot be “deem[ed]” as such.
¶57 Presumably the Legislature included the affidavit requirement in the statute so as to insure the accuracy and basis for restitution claims-to put the affiant under penalty of perjury or false swearing-and to give the defendant the opportunity to verify the restitution claims or be prepared to challenge those at the sentencing hearing. Ignoring the affidavit requirement abrogates those requirements of §46-18-242, MCA, and, instead, encourages the sort of crap-shoot sentencing proceeding that occurred in this case. Ignoring the affidavit requirement also encourages the prosecutor to *135 surprise and sandbag the defense with restitution evidence and claims presented for the first time at the sentencing hearing. See State v. McMaster, 2008 MT 268, ¶¶ 47-61, 345 Mont. 172, 190 P.3d 302 (Nelson, J., dissenting).
¶58 While §46-18-242(2), MCA, allows the court to accept evidence of the victim’s loss at the time of sentencing where a presentence report is not authorized or requested, that is not the case here. In this case, there was a presentence report, and under the clear and unambiguous requirements of the black-letter law, § 46-18-242(l)(b), MCA, the presentence report was required to include “an affidavit that specifically describe[d] the victim’s pecuniary loss and the replacement value in dollars of the loss, submitted by the victim.” There was no such affidavit of Ms. Troyer. Perhaps, if there had been, we would not be addressing the unlawful claims for restitution damages that were admitted into evidence at the sentencing hearing and which the trial court allowed.
¶59 Instead of simply blowing-off the requirements of § 46-18-242(l)(b), MCA (a determination for which the Court cites no authority), we should require probation officers, prosecutors and trial courts to follow the laws which the Legislature has enacted. When, as here, we simply ignore the law, we encourage sloppy trial practice by probation officers and attorneys and error by the lower courts-which, of course, generates more appeals; we gain nothing. I cannot agree with this approach.
¶60 I, too, would reverse the various damage claims referred to in ¶ 46 of the Opinion. In doing so, I would also require the probation or restitution officer to gather and submit with an amended PSI, the affidavits which §46-18-242(l)(b), MCA, requires.
¶61 I dissent.