DA 12-0547

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 222

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS DANIEL BROTHERS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 10-306C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender, Jonathan King, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

            Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  June 12, 2013
Decided:   August 13, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Defendant and Appellant Thomas Brothers (Brothers) appeals the Eleventh Judicial District Court's award of $1,069.02 in restitution to the State. We reverse.

## ISSUE

¶2     We restate the sole issue on appeal as follows:

¶3     *Did the District Court err by ordering Brothers to pay restitution to the State?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     Brothers was charged with sexual assault, incest, and indecent exposure by information on September 1, 2010. The District Court issued a warrant and Brothers was arrested in New Mexico on January 10, 2011. Brothers pled guilty to one count of sexual assault on February 24, 2012, as part of a plea agreement. The agreement recommended a 15-year prison sentence with 10 years suspended. The agreement allowed Brothers to withdraw his plea if the District Court imposed a different sentence. The Court accepted Brothers' plea and conducted a sentencing hearing on July 5, 2012.

¶5     At the sentencing hearing, the State requested that Brothers pay $1,069.02 in restitution to reimburse the State for the cost of extraditing Brothers from New Mexico. The State did not provide an affidavit or any testimony in support of this request. Brothers objected, claiming that the restitution was "just brought up." The Court eventually ordered $1,069.02 in restitution without either receiving an affidavit or testimony from the State to determine the proper amount. The Court also deviated from the plea agreement's sentencing

2

recommendation, imposing a term of 20 years in Montana State Prison with 10 years suspended.

¶6      Brothers subsequently withdrew his guilty plea due to the Court's imposition of a sentence longer than that recommended by the plea agreement.  Brothers and the State thereafter filed a motion stipulating to an amendment of the judgment and sentence.  The parties recommended the Court reconsider the July 5, 2012 sentence and impose the plea's recommended 15-year sentence with 10 suspended.

¶7      The District Court held a hearing on the parties' stipulation to amend the judgment and sentence on July 11, 2012.  The Court noted that the parties requested that Brothers be re-sentenced to Montana State Prison for a term of 15 years, 10 suspended "pursuant to the same conditions as previously were imposed last week[.]"  The Court then re-sentenced Brothers to the requested term and noted that it was also imposing "the restitution that was previously ordered for your return – your extradition costs[.]"  Brothers appeals the imposition of restitution without the State producing either an affidavit or testimony describing the costs of his extradition.

**STANDARD OF REVIEW**

¶8      Pursuant to § 46-18-201(5), MCA, if a person has been found guilty of an offense, whether by a verdict of guilty or by a plea of guilty or nolo contendre, and the sentencing judge finds that a "victim" has sustained a "pecuniary loss," as the terms are defined in § 46-18-243, MCA, then the sentencing judge shall, as part of the sentence, require payment of full restitution to the "victim," as provided in §§ 46-18-241 through -249, MCA.  *State v.*

3

*Jent*, 2013 MT 93, ¶ 9, 369 Mont. 468, 299 P.3d 332. Such analysis requires the sentencing judge to apply the statutory definition of "victim" to the factual circumstances of the case. *Jent*, ¶ 9. This constitutes a mixed question of law and fact. *Jent*, ¶ 9 (citing *State v. Warclub*, 2005 MT 149, ¶ 21, 327 Mont. 352, 114 P.3d 254).

¶9 In our review on appeal, we will not disturb factual findings unless they are clearly erroneous, and whether those facts satisfy the legal standard is reviewed de novo. *Jent*, ¶ 10 (citing *Warclub*, ¶ 23). We also review de novo whether a district court had statutory authority to impose the sentence, whether the sentence falls within the applicable sentencing parameters, and whether the court adhered to mandates of the applicable sentencing statutes. *State v. Johnson*, 2011 MT 116, ¶ 12, 360 Mont. 443, 254 P.3d 578.

## DISCUSSION

¶10 Both the State and Brothers agree that the District Court lacked the authority to impose restitution because it failed to follow the statutory mandate that a victim's pecuniary loss be substantiated in an affidavit or through live testimony. However, while neither party has raised the specific argument on appeal, we conclude that the District Court lacked the authority to impose restitution because the State is not a "victim" as required by § 46-18-201(5), MCA, and defined in § 46-18-243(2)(a), MCA.

¶11 Sentencing courts are required to impose a sentence that includes payment of full restitution whenever the court finds the "victim" of an offense has sustained a pecuniary loss. Section 46-18-201(5), MCA; *Johnson*, ¶ 16; *State v. Hunt*, 2009 MT 265, ¶ 16, 352 Mont. 70, 214 P.3d 1234. A "victim" is defined as:

4

(i) a person who suffers loss of property, bodily injury, or death as a result of:
    (A) the commission of an offense;
    (B) the good faith effort to prevent the commission of an offense; or
    (C) the good faith effort to apprehend a person reasonably suspected of committing an offense;
(ii) the estate of a deceased or incapacitated victim or a member of the immediate family of a homicide victim;
(iii) a governmental entity that suffers loss of property as a result of the commission of an offense in this state or that incurs costs or losses *during the commission or investigation of an escape*, as defined in 45-7-306, *or during the apprehension or attempted apprehension of the escapee*;
(iv) an insurer or surety with a right of subrogation to the extent it has reimbursed the victim of the offense for pecuniary loss;
(v) the crime victims compensation and assistance program established under Title 53, chapter 9, part 1, to the extent that it has reimbursed a victim for pecuniary loss; and
(vi) any person or entity whom the offender has voluntarily agreed to reimburse as part of a voluntary plea bargain.

Section 46-18-243(2)(a), MCA (emphasis added).

¶12 We recently considered when the State can be a "victim" for the purposes of the restitution statutes in *State v. Jay*, 2013 MT 79, 369 Mont. 332, 298 P.3d 396. There, the district court ordered the defendant to pay $600 in restitution to the State for expenses incurred in interviewing an expert defense witness. *Jay*, ¶ 14. We concluded that a "victim" under § 46-18-243(2)(a), MCA, included a governmental entity "only when that entity suffers property damage in the commission of a crime, or incurs costs in the investigation or apprehension of an escaped person." *Jay*, ¶ 48. We then found neither situation to be present, as the State had incurred expenses only by interviewing a defense witness. *Jay*, ¶ 48. Thus, we concluded that the State was not a "victim" entitled to restitution under § 46-18-201(5), MCA. *Jay*, ¶ 48.

5

¶13 The same reasoning applies here. The State sought restitution for expenses incurred extraditing Brothers from New Mexico. Like *Jay*, the expenses were not the result of property damage suffered during the commission of a crime or of the investigation or apprehension of an escapee. According to § 46-18-243(2)(a), MCA, and *Jay*, the State is therefore not a "victim" and is not entitled to seek restitution from Brothers. We accordingly vacate the $1,069.02 in restitution awarded to the State.

## CONCLUSION

¶14 Because we conclude that the State was not a "victim" for the purposes of the restitution statutes, we conclude that the District Court lacked the authority to award restitution to the State.

¶15 Reversed and remanded for entry of an amended judgment consistent herewith.

/S/ MICHAEL E WHEAT

We concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE

6