

DA 13-0014

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 34

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

MARK MARION MACY, JR.,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. BDC 2012-29 Honorable Jeffrey M. Sherlock, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Eileen A. Larkin, Assistant Appellate Defender; Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General; Helena, Montana

                Leo J. Gallagher, Lewis and Clark County Attorney, Melissa Broch, Deputy County Attorney; Helena, Montana

                Submitted on Briefs: January 8, 2014
                        Decided: February 11, 2014

Filed:

                           Clerk

Justice Jim A. Rice delivered the Opinion of the Court.

¶1 Mark Marion Macy, Jr. (Macy) appeals from the Judgment of the First Judicial District Court, Lewis and Clark County, ordering him to pay restitution in the amount of $694.50 for extradition costs incurred by the State to return Macy to Montana after he escaped from pre-release. We reverse, and restate the issue raised by Macy as follows:

¶2 *Did the District Court err by ordering Macy to pay restitution to the State for expenses incurred in extraditing him from Idaho to Montana?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Macy was convicted of four felonies during 2007 and 2008. During his incarceration for these offenses, Macy was transferred between multiple correctional facilities and pre-release centers. On October 1, 2010, Macy was sent to a pre-release center in Helena, but, within hours of arriving, he absconded and did not return.

¶4 Several months later, on February 7, 2011, law enforcement officers stopped a Jeep for speeding in Kootenai County, Idaho. The vehicle was driven by Macy, and Macy's wife was a passenger. Fearing a return to prison, Macy led Idaho law enforcement on a high-speed chase, which ended when Macy collided with a Highway Patrol vehicle and law enforcement fired over a dozen shots into Macy's Jeep, wounding Macy and killing his wife. Macy was treated and taken into custody in Idaho, and subsequently extradited to Montana.

¶5 Macy was charged with escape, a felony pursuant to § 45-7-306(2), MCA. Macy pled guilty, admitting that he "walked away from pre-release without the proper authorization." The District Court sentenced Macy to ten years in the Montana State Prison, with two years suspended. The District Court also ordered Macy to pay restitution to the State in the

2

amount of $694.50 for the costs incurred in extraditing him back to Montana from Idaho. The District Court based this figure on a document entitled "MSP Trip Estimate for Interstate Transfer," which was included in the Presentence Investigation Report. On appeal, Macy challenges this restitution requirement.

## STANDARD OF REVIEW

¶6 Pursuant to § 46-18-201(5), MCA, if a person has been found guilty of an offense, and the sentencing court finds that a "victim" has sustained a "pecuniary loss," as the terms are defined in § 46-18-243, MCA, the sentencing court shall require payment of full restitution to the "victim." *State v. Brothers*, 2013 MT 222, ¶ 8, 371 Mont. 254, 307 P.3d 306 (citation omitted). This determination constitutes a mixed question of law and fact. *Brothers*, ¶ 8. We will not disturb a court's factual findings unless they are clearly erroneous. We review de novo whether those facts satisfy the applicable legal standard and whether the court has statutory authority to impose the sentence. *Brothers*, ¶ 9 (citations omitted).

## DISCUSSION

¶7 *Did the District Court err by ordering Macy to pay restitution to the State for expenses incurred in extraditing him from Idaho to Montana?*

¶8 For purposes of restitution, a "victim," as defined by Montana law, includes "a governmental entity that suffers loss of property as a result of the commission of an offense in this state or that incurs costs or losses during the commission or investigation of an escape . . . or *during the apprehension or attempted apprehension of the escapee*." Section 46-18-243(2)(a)(iii), MCA (emphasis added). This statute has been interpreted by this Court "to

3

include a governmental entity *only* when that entity suffers property damage in the commission of a crime, or *incurs costs in the investigation or apprehension of an escaped person*." *State v. Jay*, 2013 MT 79, ¶ 48, 369 Mont. 332, 298 P.3d 396 (emphasis added).

¶9 Macy argues that the expense of extraditing him from Idaho to Montana was "not the result of property damage suffered during the commission of a crime or the investigation or apprehension of an escapee." He asserts that "the State of Idaho, not Montana, apprehended Macy," and, therefore, the State is not a "victim" entitled to restitution as defined by the statute, and consistent with our decision in *Brothers*. The State answers that when Macy left the pre-release center, "he created a need for the State to incur expenses to return him to Montana." Therefore, according to the State, "the cost of apprehending [Macy] included the cost of extraditing him back to Montana."

¶10 In *Brothers*, Brothers was charged with several sexual crimes for which the district court issued a warrant for his arrest. Law enforcement subsequently apprehended Brothers in New Mexico and extradited him back to Montana. *Brothers*, ¶¶ 4-5. After he pled guilty to sexual assault, Brothers was ordered by the district court to pay restitution to the State for the costs incurred during his extradition. *Brothers*, ¶¶ 4, 7. On appeal, we determined that "the [d]istrict [c]ourt lacked the authority to impose restitution because the State [was] not a 'victim' as required by § 46-18-201(5), MCA, and defined in § 46-18-243(2)(a), MCA." *Brothers*, ¶ 10. We reasoned that extradition costs are distinct from "property damage suffered during the commission of a crime or of the investigation or apprehension of an escapee" and therefore are not recoverable as restitution. *Brothers*, ¶¶ 12-13.

4

¶11 The State attempts to distinguish *Brothers* on the ground that "the defendant in that case was not an escapee." While the State is technically correct on this point, we agree with Macy that the relevant inquiry under § 46-18-243(2)(a)(iii), MCA, for this case is whether the State incurred costs during "the apprehension or attempted apprehension of the escapee." It is "well established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute. . . . [R]estitution is statutorily limited to the 'victim' of the crime for which a defendant is convicted." *State v. Setters*, 2001 MT 101, ¶¶ 21-22, 305 Mont. 253, 25 P.3d 893 (citations omitted), *overruled on other grounds*, *State v. Herman*, 2008 MT 187, ¶ 12 n. 1, 343 Mont. 494, 188 P.3d 978. When interpreting a statute, "[t]he statute's plain language controls our interpretation if we can discern the legislative intent from the plain meaning of the statute's words." *State v. Merry*, 2008 MT 288, ¶ 12, 345 Mont. 390, 191 P.3d 428. "[W]e refuse to insert 'what has been omitted or to omit what has been inserted.'" *Merry*, ¶ 12 (citing § 1-2-101, MCA).

¶12 Black's Law Dictionary defines "apprehension" as "[t]he seizure, taking, or arrest of a person on a criminal charge." *Black's Law Dictionary* 101 (6th ed., West 1990). Consistent with the plain language of § 46-18-243(2)(a)(iii), MCA, it was the State of Idaho, not Montana, that "apprehended" Macy following the high-speed chase in Kootenai County, Idaho, by seizing and arresting him. The statute does not include the separate cost of extraditing Macy back to the State of Montana as a recoverable item, and, consistent with our decision in *Brothers*, the District Court was without statutory authority to impose this cost as restitution. The Legislature may wish to revise § 46-18-243(2)(a)(iii), MCA, to permit recovery of this cost by the State, but we will not insert such language into the statute.

5

¶13 Macy also argues that the order requiring repayment of the extradition costs was improper because it was not based on an affidavit or sworn testimony as required by § 46-18-242, MCA. Having already determined that the District Court lacked statutory authority to impose restitution for extradition costs, we decline to address this issue.

¶14 Reversed and remanded for entry of an amended judgment consistent herewith.

/S/ JIM RICE

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT