DA 16-0632

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 51

FILED

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0632

STATE OF MONTANA,

Plaintiff and Appellee,

v.

FREDERICK CHARLES DAY,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 14-359
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General; Helena, Montana

Joshua A. Racki, Cascade County Attorney, Kory Larsen, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs:   February 14, 2018

Decided:   March 20, 2018

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Frederick Day (Day) appeals from the sentence imposed by the Eighth Judicial District Court, Cascade County, committing him to the Department of Corrections (DOC) while also ordering that he could not be released from incarceration until he had completed sexual offender treatment. We reverse and remand for resentencing, addressing the following issue:

*Did the District Court err by imposing a restriction upon Day's release from incarceration while committing him to the DOC?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 The Great Falls Police Department conducted a sting operation designed to apprehend child sexual predators. Day arranged to meet a supposed 12-year-old or 15-year-old female prostitute at a hotel after communicating with an undercover agent posing as a "madam." Day paid the undercover agent $200 and indicated his willingness to have sex with the girl, after which he was arrested and charged with one count of Prostitution or, alternatively, Attempted Prostitution. Day entered into a non-binding plea agreement with the State whereby he agreed to plead guilty to Attempted Prostitution, while the State agreed to recommend a commitment to the DOC for twenty-five years, with twenty years suspended, and for Day to be classified as a Tier I sex offender, the lowest risk level.

¶3 At the sentencing hearing, the District Court considered a range of sentencing options, including imposition of the mandatory minimum sentence of 100 years at Montana State Prison (MSP), a commitment to DOC for twenty-five years with twenty years

suspended, and imposition of a deferred or suspended sentence. The court, describing its action as "unorthodox[], but I'm convinced that I have the authority to do it," called its own witness—Probation Officer Hides, who had prepared a portion of the Presentence Investigation Report—to ask him about the plea agreement and his perspectives on a proposed sentence. In response to the court's questions, Hides indicated he had "significant concerns" with the plea agreement, pointing to Day's recent out-of-state felony charge, and observing that if Day had been successful in contacting a real prostitution service, children could have been harmed. Hides recommended a commitment to MSP for at least five years. The court inquired about DOC processes and asked Hides, if it committed Day to the DOC, would DOC "decide[] whether he's incarcerated at all?" Hides affirmed that the DOC would have full discretion and that it sometimes referred sex offenders to pre-release centers because such cases "don't take a high priority." The court then asked Hides, "If I were – the sentence in the plea agreement, which is a 25-year Department of Corrections commitment with 20 suspended, and I order him to complete sex offender treatment, and I say no more about it than that, where does he have to do sex offender treatment?" Hides responded that Phase I could be completed at a pre-release program, while Phase II could only be completed while the offender was incarcerated at MSP. The District Court then inquired how long Phase II would take to complete, and Hides responded that completion of both phases would take three and a half to four years.

¶4    The District Court asked the parties for sentencing recommendations. Although expressing concerns about the new charge Day had received while on release for this

3

matter, the prosecutor believed the plea agreement could not be altered, and recommended a sentence in accordance therewith, including a Tier I offender status. Day's counsel recommended a 25-year commitment to the DOC, with all time suspended, citing supporting factors, such as a psychosexual report indicating Day was an appropriate candidate for outpatient therapy, his low risk to reoffend, his gainful employment, lack of criminal history, and lack of a victim.

¶5 The District Court observed it faced a difficult task in imposing sentence, stating "the problem here is trying to balance the fact that Mr. Day did not actually inflict any harm on an actual child who was legally too young to have sexual relations against the fact that the ONLY reason he did not actually inflict that harm on a real child was that the people at that hotel were police rather than madams and child prostitutes." (Emphasis in original.) The court evaluated factors in Day's favor and against Day's favor. The court then committed Day, consistent with the plea agreement, to the DOC for a term of 25 years with 20 years suspended. However, the court then added that, while it "decided to go along with the plea agreement" it was including "one important tweak," to "make [the sentence] more burdensome for [Day]."[1] The court stated, "I am ordering that you must complete Phase I and Phase II of the sexual offender treatment program *while you are incarcerated*, and that you are not to be released until you have completed Phase I and Phase II."

---

[1] The District Court noted that because the plea agreement was a non-binding "1(c) plea agreement," the court was "permitted to depart from the State's recommendation." *See* § 46-12-211(1)(c), MCA.

(Emphasis added.) The court designated Day as a Tier I sexual offender, citing the psychosexual evaluation. Day appeals.

## STANDARD OF REVIEW

¶6 We review a sentence in a criminal case for legality, to determine if the sentence is within statutory confines. *State v. Burch*, 2008 MT 118, ¶ 12, 342 Mont. 499, 182 P.3d 66. Because a district court's sentencing authority is defined by statute, a sentence that strays beyond the bounds of statutory authority is illegal. *Burch*, ¶ 12.

## DISCUSSION

¶7 *Did the District Court err by imposing a restriction upon Day's release from incarceration while committing him to the DOC?*

¶8 Alternately describing the requirement that he complete Phase II sex offender treatment prior to release from incarceration as a sentencing condition or a parole restriction, Day makes several arguments challenging its validity, and argues that it should be struck. Day made no objection to the restriction in the District Court. We may "review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing," *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), and, upon review, we undertake consideration of the legality of Day's sentence pursuant thereto.

¶9 It is well established that "the court has no power to impose a sentence in the absence of specific statutory authority." *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206. "A sentence not based on statutory authority is an illegal sentence." *Hicks*, ¶ 41. A sentencing court's general statutory authority is provided in Title 46, Chapter 18, Part 2.

5

Section 46-18-201, MCA, sets forth the sentences that may be imposed. Section 46-18-202, MCA, authorizes additional restrictions that may be imposed. Section 46-18-202(2), MCA, provides, in pertinent part:

> Whenever the sentencing judge imposes a sentence of imprisonment *in a state prison* for a term exceeding 1 year, the sentencing judge may also impose the restriction that the offender is *ineligible for parole* and participation in the supervised release program while serving that term.

(Emphasis added.) Therefore, a sentencing court is authorized to restrict parole eligibility if an offender is sentenced to MSP for a term exceeding one year. *See also State v. Bullman*, 2009 MT 37, ¶ 34, 349 Mont. 228, 203 P.3d 768 (confirming § 46-18-202(2), MCA authorizes a District Court to impose a parole restriction requiring completion of Phase I and II sexual offender treatment upon committal to MSP). In contrast, the statute does not permit a sentencing court to restrict parole eligibility in conjunction with a commitment to DOC. *See State v. Quesnel*, 2009 MT 388, ¶ 24, 353 Mont. 317, 220 P.3d 634 (reversing a restriction upon defendant's eligibility for parole until completion of sex offender treatment where the District Court committed the defendant to the DOC). When imposing a DOC commitment, a sentencing court is authorized merely to make a "recommendation for placement in an appropriate correctional facility or program." Section 46-18-201(3)(a)(iv)(A), MCA.

¶10 Unlike the sentences imposed in *Bullman* and *Quesnel*, which included express restrictions upon the respective defendant's eligibility for parole, the sentence imposed here by the District Court was not so characterized. In its oral pronouncement, the District Court stated, "I am ordering that you must complete Phase I and Phase II of the sexual

offender treatment program while you are incarcerated, and that you are not to be released until you have completed Phase I and Phase II." Then, in the written judgment, the court ordered Day to "enter and complete Phase I and Phase II of sexual offender treatment prior to release from secure custody." In what may have been an attempt to conceptually merge a release restriction with a DOC commitment, the court apparently avoided mentioning "parole." However, regardless of the restriction's characterization, there is no statutory authority to restrict release without an accompanying sentence of incarceration, which a DOC commitment is not.

¶11    In *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087, which involved the improper imposition of parole conditions,[2] we held "when a portion of a sentence is illegal," the "better result" is to "remand to the district court to correct the illegal provision." We have also noted that "remand[] for resentencing" may be necessary. *State v. Lambert*, 2010 MT 287, ¶ 14, 359 Mont. 8, 248 P.3d 295 (citing cases); *see also Taggart v. Kirkegard*, No. OP 14-0558, 377 Mont. 434, 348 P.3d 170 (Oct. 22, 2014) (when the "offending portion of the sentence may undermine the integrity of the sentence as a whole[,]" remanding for resentencing is necessary). Here, the District Court obviously wrestled with competing factors in fashioning Day's sentence, and ended up imposing an inherently conflicting sentence, simultaneously delegating Day's placement to the DOC

---

[2] A parole condition occurs when the sentencing court imposes conditions that must be fulfilled after release from prison. *See Burch*, ¶ 2 (interpreting a parole condition outlining that defendant not access pornography after his release); *see also State v. Champagne*, 2013 MT 190, ¶ 52, 371 Mont. 35, 305 P.3d 61 (interpreting a parole condition recommending "any term" of "community supervision" upon release).

while also, at least implicitly, imposing incarceration ("while you are incarcerated") by way of a restriction on release until Day completed Phase II sex offender treatment. Under statute, a sentence cannot include both of these concepts, and reversal is required. Remand is necessary for the District Court to impose a new, legally valid sentence. *See State v. Johnson*, 2010 MT 288, 359 Mont. 15, 245 P.3d 1113 (remanding for resentencing was necessary where the District Court invalidly imposed "two separate sentences," one for the underlying offense and one for the offender's status as a persistent offender without statutory authority). In resentencing Day, the District Court may conduct "such further proceedings as it deems appropriate." *State v. Guill*, 2011 MT 32, ¶ 53, 359 Mont. 225, 248 P.3d 826.

¶12 Reversed and remanded for resentencing.

/S/ JIM RICE

We concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ INGRID GUSTAFSON