DA 23-0013

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 206N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ELIZABETH MARGARET HOSCHOUER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause Nos. DC-19-25,
DC 21-15, DC 21-30, DC 22-05
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Joshua James Thornton, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

          Adam M. Larson, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs:  August 7, 2024

Decided:  September 10, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2 Elizabeth Margaret Hoschouer appeals the sentences imposed upon her by Order of the Fourteenth Judicial District Court, Musselshell County in Cause Nos. DC-19-25 and DC-21-15.[1]

¶3 Hoschouer was charged with eight felonies in four separate cases:

(1) Cause No. DC-19-25. One count of criminal distribution of dangerous drugs.

(2) Cause No. DC-21-15. One count of felony theft and one count of exploitation of an older person.

(3) Cause No. DC-21-30. One count of bail jumping.

(4) Cause No. DC-22-05. Four counts of bail jumping.

¶4 Hoschouer pled guilty to the distribution charge in Cause No. DC-19-25, and on March 15, 2021, the District Court sentenced her to the Department of Corrections for a term of three years, with no time suspended, but ordered her to be immediately released into the community pursuant to § 46-18-201(3)(a)(vi), MCA. After her sentencing in

---

[1] Although Cause Nos. DC-21-30 and DC-22-05 were included in Hoschouer's sentencing and are before us on appeal, Hoschouer does not challenge the legality of the sentences imposed in those cases.

Cause No. DC-19-25, the State charged Hoschouer in Cause Nos. DC-21-15, DC-21-30, and DC-22-05.

¶5     The State petitioned to revoke Hoschouer's community placement in Cause No. DC-19-25.  On June 20, 2022, Hoschouer appeared in court and pled guilty to the bail jumping charges in Cause No. DC-22-05.  On June 22, 2022, Hoschouer appeared in court again, where she admitted to the allegations in the revocation petition and pled guilty to all the charges in Cause Nos. DC-21-15 and DC-21-30.  Before sentencing, the State filed a sentencing memorandum, in which it requested a sentence of three years DOC in Cause No. DC-19-25 (the distribution case), and a sentence of eight years DOC with three suspended for both the theft count and exploitation of an older person count in Cause No. DC-21-15.  Hoschouer did not respond to the State's sentencing memorandum.

¶6     On August 22, 2022, the District Court sentenced Hoschouer, as follows:

(1) Cause No. DC-19-25.--Ten years DOC with five suspended for criminal distribution of dangerous drugs.

(2) Cause No. DC-21-15.--Five years DOC with no time suspended for both the theft count and the exploitation of an older person count.

(3) Cause No. DC-21-30.--Two years DOC with no time suspended for bail jumping.

(4) Cause No. DC-22-05.--Four years DOC with no time suspended for each of the four counts of bail jumping.

The District Court ordered all sentences to run concurrently, resulting in a net total sentence of ten years DOC, with five suspended.

3

¶7 Criminal sentences are reviewed for legality. *State v. Keefe*, 2021 MT 8, ¶ 10, 403 Mont. 1, 478 P.3d 830 (citations omitted).

¶8 Hoschouer and the State agree that the sentences in both DC-19-25 and DC-21-15 are illegal. In DC-19-25, the District Court originally sentenced Hoschouer to three years DOC on the distribution charge. The State agrees that the District Court's sentence of ten years DOC with five years suspended upon revocation of Hoschouer's sentence exceeded its statutory authority and was therefore illegal. In DC-21-15, the State agrees that the maximum sentence for the theft of property charge was three years, and the District Court's sentence of five years DOC exceeded its statutory authority and was therefore illegal.[2] The District Court's sentences in Cause Nos. DC-19-25 and DC-21-15 are vacated and remanded for resentencing.[3]

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

---

[2] In her brief, Hoschouer requested remand of "these matters" for resentencing. Hoschouer does not specify whether these matters would include the entire sentence imposed in DC-21-15, including the sentence for exploitation of an older person, which was not an illegal sentence. The State's brief noted that at sentencing, the District Court announced its overall goal was to sentence Hoschouer to ten years DOC, with five suspended, to provide adequate time and supervision to enable Hoschouer to rehabilitate from her addiction. Hoschouer responded at sentencing that she was "okay with" a sentence of that term. Relying on our holdings in *State v. Lambert*, 2010 MT 287, 359 Mont. 8, 248 P.3d 295 and *State v. Day*, 2018 MT 51, 390 Mont. 388, 414 P.3d 267, the State contends that it would be appropriate under the circumstances of this case to vacate the entire sentence in DC-21-15 to allow the District Court to impose any legal sentence it sees fit on remand. Hoschouer did not file a reply brief responding to this issue, and we agree that the circumstances warrant vacating the entire sentence in DC-21-15, including the sentence for exploitation of an older person.

[3] There being no dispute that the sentences in DC-21-30 and DC-22-05 are legal, the sentences in those cases are affirmed.

4

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON