FILED

12/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0205

DA 23-0205

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 301

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PABLO ANTONIO VILLALOBOS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC-22-007
Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Tammy Hinderman, Appellate Defender, Jeff N. Wilson, Assistant
Appellate Defender, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Brett Irigoin, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  September 4, 2024

Decided:  December 10, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pablo Villalobos appeals the February 23, 2023 Judgment and Order of Sentence issued by the Seventh Judicial District Court, Dawson County. Villalobos challenges his sentences for tampering with or fabricating physical evidence, a felony in violation of § 45-7-207, MCA; criminal possession of dangerous drugs, a felony in violation of § 45-9-102, MCA; criminal possession of drug paraphernalia, a misdemeanor in violation of § 45-10-103, MCA; and driving while license is suspended or revoked, a misdemeanor in violation of § 61-5-212, MCA.

¶2 We restate the issues on appeal as follows:

*1. Whether the District Court's order requiring Villalobos to complete a treatment court program as part of his sentence was illegal.*

*2. Whether the District Court's order to complete treatment court as a condition of Villalobos's suspended sentence was legal.*

*3. Whether the District Court imposed an unlawful one-year sentence on Villalobos's misdemeanor convictions when the maximum penalty was six months.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Villalobos was arrested during a traffic stop for having two outstanding warrants and an expired license. Villalobos had a glass meth pipe in his pocket wrapped in a handkerchief. While he was in the patrol vehicle, he removed the handkerchief and crushed the pipe. The arresting officer seized the handkerchief and glass shards and sent them to the Montana State Crime Lab where they later determined the residue on the glass was methamphetamine.

2

¶4     Initially, Villalobos entered a plea agreement with the State.  He agreed to plead guilty to the criminal possession of dangerous drugs charge and complete the Seventh Judicial District Adult Drug Treatment Court (treatment court) program in exchange for the State dismissing the remaining charges.  Villalobos plead guilty and met with the treatment court coordinator.  However, Villalobos was not accepted into the treatment court as a participant because of his actions and attitude.

¶5     At Villalobos's sentencing hearing, the District Court noted he was not accepted into the treatment court and rejected the plea agreement.  Villalobos withdrew his guilty plea and went to trial.  A jury found him guilty of all four counts.

¶6     The District Court sentenced Villalobos to three years at the Department of Corrections (DOC), with no time suspended, for the criminal possession of dangerous drugs count and required him to enroll in the treatment court.  The court also sentenced Villalobos to two years, all suspended, for the tampering with evidence count.  The court required Villalobos to complete the treatment court program as a condition of his suspended sentence.  Finally, on the misdemeanor counts, the court orally sentenced Villalobos to 30 days for both counts in the Dawson County jail and suspended jail time for one year, with both misdemeanor counts running concurrently with each other and the felony counts.  However, in the court's written Judgment, it changed the sentence from 30 days to six months in the Dawson County Jail.

## STANDARD OF REVIEW

¶7      We review a criminal sentence for legality. *State v. Hinshaw*, 2018 MT 49, ¶ 7, 390 Mont. 372, 414 P.3d 271. "It is well established that the court has no power to impose a sentence in the absence of specific statutory authority." *State v. Day*, 2018 MT 51, ¶ 9, 390 Mont. 388, 414 P.3d 267 (internal quotations omitted). "A sentence not based on statutory authority is an illegal sentence." *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206. This presents a question of law we review de novo. *State v. Ring*, 2014 MT 49, ¶ 15, 374 Mont. 109, 321 P.3d 800.

## DISCUSSION

¶8      *1. Whether the District Court's order requiring Villalobos to complete a treatment court program as part of his sentence was illegal.*

¶9      First, we consider the requirement of treatment court as part of Villalobos's felony sentence. A district court may sentence a defendant to the "department of corrections with a recommendation for placement in an appropriate correctional facility or program." Section 46-18-201(3)(a)(iv)(A), MCA. The district court is not allowed to require placement of a defendant in a DOC program, rather the court's authority is limited to making a recommendation for placement. *Day*, ¶ 9 (citing § 46-18-201(3)(a)(iv)(A), MCA).

¶10     Here, the District Court required Villalobos to participate in treatment court as part of his sentence for criminal possession of dangerous drugs. This sentencing was illegal and not within statutory parameters. The District Court merely has authority to recommend to the DOC the placement of the defendant in a treatment court. Then, it is up to the DOC's

4

own discretion whether to permit a defendant to participate in the program. Section 46-1-1103–1104, MCA. The State concedes this issue. As such, because the court did not have authority to require participation in treatment court, we reverse and remand for the court to correct its Judgment accordingly.

¶11  *2. Whether the District Court's order to complete treatment court as a condition of Villalobos's suspended sentence was legal.*

¶12  Next, we consider the imposition of treatment court as a condition of a suspended sentence. Section 46-1-1104, MCA, allows participation in drug treatment court to be a "condition of pretrial release, pretrial diversion under 46-16-130, probation, incarceration, parole, or other release from a detention or correctional facility." Further, § 46-18-201(4)(p), MCA, allows a District Court to order conditions of a suspended sentence that are necessary for an offender's rehabilitation.

¶13  Here, the court ordered Villalobos to complete treatment court as a condition of his suspended sentence. The State also concedes the District Court had authority to order treatment court as a condition of a suspended sentence. Thus, the court was within its authority to require treatment court as a condition of Villalobos's suspended sentence for tampering with evidence.

¶14  It is worth noting this Court has held that if a condition of a suspended sentence is impossible to complete, it is therefore illegal and should be struck from the defendant's sentence. *State v. Cook*, 2012 MT 34, ¶ 36, 364 Mont. 161, 272 P.3d 50 (ordering the condition of GPS monitoring to be struck from the defendant's sentence because the monitoring service was not available which made the condition impossible and therefore

5

illegal); *see also State v. Muhammad*, 2002 MT 47, ¶¶ 28-29, 309 Mont. 1, 43 P.3d 318 (ordering the banishment condition to be struck from the defendant's sentence because the condition was "not reasonably related to the goals of rehabilitation" or protection of the victim and it was therefore illegal). Thus, while we find the District Court may order treatment court as a condition of a suspended sentence, if it is impossible for the defendant to complete the treatment court—because he fails to qualify for admission—then the condition becomes impossible to fulfill and must be stricken from the sentence. The impossibility to complete treatment court for failure to qualify for admission, however, must not be created by the defendant's own poor efforts. The defendant must make a good faith effort to apply and complete the pre-admission tasks and requirements imposed by the treatment court in a timely manner and refrain from commission of a disqualifying offense as determined by the treatment court committed after execution of a plea agreement or the imposition of the condition.

¶15    *3. Whether the District Court imposed an unlawful one-year sentence on Villalobos's misdemeanor convictions when the maximum penalty was six months.*

¶16    Finally, we consider Villalobos's two misdemeanor sentences. Section 46-18-116, MCA, provides that a written judgment must comport with the court's oral pronouncement of sentence. "[I]n the event of a conflict between the oral pronouncement of sentence and the written judgment and sentence, the oral pronouncement of sentence controls." *State v. Duong*, 2015 MT 70, ¶ 21, 378 Mont. 345, 343 P.3d 1218 (citation omitted). Additionally, "[w]here the defendant is granted a suspended sentence, sentence is imposed and execution of the sentence is suspended in whole or in part up to the maximum time of sentence

6

allowed by law and the defendant can be released on probation during the time interval with the conditions of probation imposed by the court." *State v. McCaslin*, 2011 MT 221, ¶ 14, 362 Mont. 47, 260 P.3d 403 (citing *State v. Drew*, 158 Mont. 214, 490 P.2d 230, (1971)). The maximum penalty for both criminal possession of drug paraphernalia and driving with a suspended license is six months. Section 45-10-103, MCA; § 61-5-212, MCA.

¶17 Here, the State concedes the District Court exceeded its statutory authority when it: (1) suspended the misdemeanor sentences for one year, which exceeds the statutory maximum of six months; and (2) increased the sentence length from 30 days at the sentencing hearing to six months in the written Judgment. As such, we reverse the misdemeanor sentences entered and remand to the District Court to correct its Judgment to impose the original 30 day sentence to be suspended for a period of time not to exceed six months.

## CONCLUSION

¶18 Reversed and remanded.

/S/ INGRID GUSTAFSON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

7