DA 09-0364

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 87

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

BRADEN LEE HEAFNER,

   Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0563
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

    Joslyn Hunt, Chief Appellate Defender, Jim Wheelis, Assistant Appellate
Defender, Helena, Montana

   For Appellee:

    Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

    Dennis Paxinos, Yellowstone County Attorney; Sheila R. Kolar, Deputy
County Attorney, Billings, Montana

       Submitted on Briefs: March 31, 2010

           Decided: April 27, 2010

Filed:

    _____
         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1   This appeal involves the validity of the conditions of a criminal sentence, and more particularly the remedy to be imposed where discrete conditions of a sentence are illegal.  We review a sentence involving incarceration of a year or more for legality. *State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, 112 P.3d 1001.

¶2   In January, 2008, Heafner participated in planning and carrying out a home-invasion burglary that left the homeowner so badly beaten that he is disfigured and permanently and severely disabled with brain injuries.  Heafner drove his two accomplices to the crime scene, waited in the car, and then drove them away.

¶3   In January, 2009, Heafner pled guilty to aggravated burglary by accountability, aggravated assault by accountability, and tampering with witnesses and informants, all felonies.  The District Court held a sentencing hearing on April 21, 2009 and on April 23, 2009 filed the judgment announcing the sentence.  The District Court sentenced Heafner to concurrent sentences of 15 years for burglary, 15 years for assault, and 10 years for witness tampering.  The District Court recommended that Heafner be considered for placement in boot camp, and imposed restitution and numerous restrictions on parole.

¶4   The restitution condition held Heafner jointly and severally liable with his accomplices for the homeowner's medical bills of $255,148.84.  The sentence also held Heafner  jointly and severally liable for the victim's future medical costs as they occur. The sentence provided that "should the defendant be paroled" a number of specified conditions would apply.

2

¶5 Heafner contends that the District Court lacked the power to impose conditions of parole. The State concedes that the District Court lacked the power to impose conditions upon parole because that authority rests solely in the Board of Pardons and Parole except as to specific instances provided by statute. *State v. Burch*, 2008 MT 118, ¶ 36, 342 Mont. 499, 182 P.3d 66. The District Court's sentencing order contained 29 conditions of parole. Heafner concedes that conditions 14 (imposing fines associated with the presentence investigation); 16, 17 and 18 (imposing fines and surcharges related to the offenses); and 25 (requiring DNA testing) were within the District Court's statutory authority to order as conditions of a sentence and are valid.

¶6 It is clear that except as to those specific conditions authorized by statute, the District Court did not have the power to impose conditions upon a future parole that might be granted to Heafner. If Heafner is paroled then the Board of Pardons and Parole may impose conditions of parole and may consider those listed by the District Court as recommendations. If Heafner is selected for and completes boot camp, then the District Court may modify the sentence to include a suspended term, § 53-30-402, MCA. If that occurs the District Court at that time may impose conditions under §§ 46-18-201 and -202, MCA.

¶7 Heafner concedes the validity of the order that he pay restitution of $255,148.84. Heafner contends that the portion of the sentence that requires him to pay the victim's future medical expenses is illegal because the amount of the restitution is not specified. The State agrees. Section 46-18-244, MCA, requires the sentencing court to "specify the total amount of restitution that the offender shall pay." This means that the amount of

3

restitution must be stated as a specific amount of money. *State v. Dunkerson*, 2003 MT 234, ¶ 21, 317 Mont. 228, 76 P.3d 1085.

¶8 The parties differ on the proper remedy to correct the sentence. Heafner argues that this Court should either vacate all the illegal conditions or remand to the District Court with instructions that the conditions be stricken. The State requests that this Court treat the District Court's parole conditions as "recommendations to the Board of Pardons and Parole" and that the issue of restitution for future medical costs be remanded for further proceedings and re-sentencing to set a specified amount.

¶9 In the past this Court has not adopted a single rule regarding the appropriate remedy for a partially illegal sentence, and the cases have not been consistent. *State v. Hicks*, 2006 MT 71, ¶ 44, 331 Mont. 471, 133 P.3d 206. In *Hicks*; *State v. Krum*, 2007 MT 229, 339 Mont. 154, 168 P.3d 658; and *State v. Bullman*, 2009 MT 37, 349 Mont. 228, 203 P.3d 768, where a sentence was partially illegal we vacated the illegal portion of the sentence or remanded to the district court with instructions to strike. In other cases of partial illegality we have remanded to the district court for resentencing. *Dunkerson*; *State v. Young*, 2007 MT 323, 340 Mont. 153, 174 P.3d 460; *State v. Meyers*, 2007 MT 230, 339 Mont. 160, 168 P.3d 645; *State v. Hunt*, 2009 MT 265, 352 Mont. 70, 214 P.3d 1234; *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815; *State v. Smietanka*, 2008 MT 357, 346 Mont. 353, 195 P.3d 797.

¶10 In *State v. Heath*, 2004 MT 58, 320 Mont. 211, 89 P.3d 947, we stated that the general practice of the Court was to vacate an illegal condition in a sentence, or to remand with instructions to strike. We also stated that remand for re-sentencing was the

4

general practice where an illegal sentencing provision "affected the entire sentence, or where we were unable to determine what sentence the district court would have adopted had it correctly followed the law." *Heath*, ¶ 49. We concluded, however, that "it is not practicable to articulate a 'one size fits all' rule" and that we would "examine the sentence and record to determine the appropriate remedy." *Id*. This failure to adopt a consistent approach to sentences with illegal provisions has led to unpredictability and inconsistent results as noted above.

¶11 We believe that a consistent approach is desirable. Therefore, when a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision. Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions. Defendants, as well as correctional, probation and law enforcement personnel, often have occasion to reference and implement a sentence in a criminal case. The sentencing document should therefore accurately reflect the sentence and any applicable conditions. This can best be accomplished by remanding to the district court to correct the illegal provision so that the sentencing document on file in the district court is accurate. This practice should be followed whether this Court remands for correction of an illegal provision or orders that a particular provision be stricken.

¶12 Correcting invalid sentence provisions when it is possible to do so protects the integrity of the judicial process and furthers the express correctional and sentencing

5

policy of the state. Section 46-18-101, MCA. Striking or vacating illegal conditions of a sentence when they could be corrected on remand could eliminate conditions that support important public policies such as protecting crime victims or rehabilitating the criminal. Therefore, we reverse the sentence imposed herein to the extent that it imposed conditions of parole, and to the extent that it imposed a restitution obligation for future medical expenses of the victim without reducing the obligation to a stated amount.

¶13   Upon remand, the District Court shall strike the conditions currently stated as conditions of parole. The District Court may restate these conditions as recommendations to the Board of Pardons and Parole for consideration in any future parole proceeding. The District Court may require Heafner to comply with conditions currently numbered 14, 16, 17, 18 and 25 and should re-state those as conditions of the sentence. The District Court may, after such further proceedings as it deems appropriate and consideration of the relevant facts and circumstances, order restitution for the victim's future medical expenses in a specified amount. In all other respects the sentence is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

6