ORIGINAL

FILED
01/11/2022
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0524

TYRONE LEE RISHER,

Petitioner,

v.

BOB OLSON, STATE OF MONTANA,

Respondent.

FILED

JAN 11 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Tyrone Lee Risher has filed a petition for a writ of habeas corpus, indicating that his incarceration is illegal because he did not waive his presence for any hearing when the Butte-Silver Bow County District Court amended his written judgment to conform with oral pronouncement. Risher requests that the Department of Corrections (DOC) recalculate his sentence as this Court directs. In compliance with this Court's October 29, 2021, the State of Montana concedes that this case should be remanded to the District Court to amend the judgment, correcting the running of Risher's sentences.

On January 10, 2019, the District Court sentenced Risher for felony criminal mischief to the DOC for an unsuspended five-year term. In the written judgment filed three weeks later, the District Court ordered that this sentence was to run concurrently with his other two sentences from Jefferson County and Granite County.[1] In July 2019, counsel for Risher filed a motion to amend the written judgment and sentencing order to conform with the oral pronouncement, pursuant to § 46-18-116, MCA, concerning an incorrect cause number for the Granite County sentence. On July 18, 2019, the District Court issued an Order, modifying the original judgment to correct the applicable cause number and

---

[1] We provide the cause numbers here because of the typographical error in a cause number used in the original Butte-Silver Bow County District Court's judgment when it initially imposed Risher's sentence (Cause No. DC-17-299). The sentence from Jefferson County was for Cause No. DC-18-17, and the sentence from Granite County was for Cause No. DC-17-2, not DC-18-2.

inadvertently ran Risher's five-year sentence concurrently with only his sentence from Granite County. The Jefferson County sentence was not mentioned.

The State responds that the court's amended order is not complete. The State points out that Risher received a longer term of imprisonment when the District Court issued its amended order correcting the cause number because, instead of receiving three concurrent sentences, Risher has two concurrent sentences, followed by a consecutive sentence from Granite County. The State concedes that this matter should be remanded to the District Court to conform the written judgment with the oral pronouncement of sentence, specifically:

> IT IS ORDERED that this sentence shall run concurrently with the sentences in Jefferson County Cause No. DC-18-17 and Granite County Cause No. DC-17-2.

In light of the State's concession about the facially invalid portion of Risher's sentence, we conclude that remanding this matter to the District Court for correction is appropriate. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087.

IT IS ORDERED that Risher's Petition for Writ of Habeas Corpus is GRANTED in order to correct the running of Risher's sentences. This matter is REMANDED to the Second Judicial District Court, Butte-Silver Bow County, to amend Risher's sentencing judgment in Cause No. DC-17-299, to reflect the concurrent running of all his sentences as stated in open court on January 10, 2019.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable Kurt Krueger, Second Judicial District Court; to Tom Powers, Clerk of District Court, Butte-Silver Bow County, under Cause No. DC-17-299; to counsel of record; and to Tyrone Lee Risher personally.

DATED this ⎵⎵ day of January, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3