ORIGINAL

FILED

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0092

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0092

RONALD MASCARENA,

Petitioner,

v.

LT. JASON VALDEZ, YELLOWSTONE
COUNTY DETENTION CENTER,

Respondent.

FILED

APR 05 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Ronald Mascarena has filed a Petition for Writ of Habeas Corpus, asserting his sentence upon revocation is longer than the law allows, pursuant to § 46-18-203(7)(a)(ii)(A) or (B), MCA. Mascarena is currently held in the Yellowstone County Detention Center. In accordance with this Court's February 25, 2022 Order, the Attorney General's Office has filed a response, and argues Mascarena's Petition should be denied.

On September 16, 2016, the Yellowstone County District Court committed Mascarena to the Department of Corrections (DOC) for a seven-year term, with two years suspended, for felony criminal possession of dangerous drugs. The District Court ran the sentence concurrently with another sentence Mascarena received in Yellowstone County and awarded credit for time served. The court also designated Mascarena as a persistent felony offender. Mascarena appealed the court's denial of his motion to dismiss for lack of a speedy trial, and we affirmed. *State v. Mascarena*, No. DA 16-0679, 2018 MT 100N, ¶¶ 7-9, 392 Mont. 553, 416 P.3d 180.

In August 2019, Mascarena received a conditional release, and in April 2020, discharged his DOC commitment to serve the suspended portion of his sentence. About a month later, his Probation Officer filed a Report of Violation due to two non-compliance violations by Mascarena, including absconding from supervision. The State filed its initial petition to revoke in June 2020. The court held a revocation hearing in September after

several continuances. The court reserved ruling on the revocation and disposition for thirty days, directing Mascarena to report to his Probation Officer throughout that time period until the October 27, 2020 hearing. The Probation Officer filed another Report of Violation because of Mascarena's admitted methamphetamine use. Mascarena did not appear for the October hearing, and the court issued a bench warrant because his Probation Officer reported no contact from Mascarena.

The District Court held a second revocation hearing on September 10, 2021. The court found that Mascarena violated the terms and conditions of the 2016 sentence. The court committed Mascarena to the DOC for two years. The written order granted credit for time served, but denied any credit for elapsed time while not incarcerated, also known as "street time." Section 46-18-203(7)(b), MCA.

Mascarena contends he should only be required to serve a nine-month sentence pursuant to Montana law. He explains that he violated his probationary term when he admitted to drug use, but did not commit any new offenses or abscond. He refers to the 2017 changes to § 46-18-203, MCA, under HB 63, and argues he should have received a suspended sentence with placement in either "a secure facility designated by the department for up to 9 months; or [] a community corrections facility or program designated by the department for up to 9 months[.]" Section 46-18-203(7)(a)(ii)(A) and (B), MCA. Mascarena notes he has received credit for time served, but explains that by now he has served more than nine months.

The State explains that Mascarena absconded twice. Because of these non-compliance violations, the State argues the District Court correctly revoked Mascarena's suspended sentence, instead of continuing his suspended sentence and placing him in a secure facility or community program for nine months, pursuant to § 46-18-203(7)(a)(ii), MCA, and that the District Court was authorized to impose the remaining two years of his suspended sentence upon revocation. *See* § 46-18-203(7)(a)(iii), MCA (the sentencing court may "revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a

2

longer imprisonment or commitment term than the original sentence[.]"). The State notes that the court awarded credit for jail time served and street time.

We find the State's arguments on the primary issue dispositive. Mascarena points to the correct statute, but misses a key component. "'Compliance violation' means a violation of the conditions of supervision that is not[,]" for Mascarena's purposes, "absconding[.]" Section 46-23-1001(3)(a) (b), and (d), MCA. By revoking his two-year suspended sentence, the District Court imposed a valid sentence, due to Mascarena's non-compliance violations of his probationary term. Section 46-18-203(7)(a)(iii), MCA. Mascarena has not demonstrated illegal incarceration on his presented claims. His sentence upon revocation is does not exceed what the law allows, pursuant to § 46-18-203(7)(a)(iii), MCA. Mascarena is not entitled to immediate release.

We note that the September 10, 2021 minute entry reflects that the District Court awarded Mascarena 164 days of credit for time served, and also awarded 18 days of "street time" credit. The written judgment fails to reflect the award of 18 days of street time credit. Therefore, based on the foregoing, when one portion of the sentence is illegal, it is better to remand the matter. *State v. Heafner*, 2010 MT 87. ¶ 11, 356 Mont. 128, 231 P.3d 1087. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is GRANTED IN PART, and the matter is remanded to the Yellowstone County District Court to amend the September 10, 2021 Order of Revocation and Imposition of Sentence to reflect the eighteen (18) days of elapsed or "street" time credit awarded, so that Mascarena's sentence can be properly calculated.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus, as to all other claims, is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: Judge Jessica T. Fehr, Thirteenth Judicial District Court; Terry Halpin, Clerk of District Court, Yellowstone County, under Cause No. DC 14-0409; counsel of record; Lt. Jason Valdez, Yellowstone County Detention Center; and Ronald Mascarena personally.

DATED this ___5___ day of April, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4