

FILED

07/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0232

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0232

_____

KRISTOPHER GENE LEHTO,

Petitioner,

v.

LT. JASON VALDEZ,

Respondent.

FILED

JUL 12 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

While being held in the Yellowstone County Detention Center, Kristopher Gene Lehto has filed a Petition for Writ of Habeas Corpus, indicating that he is entitled to more jail time credit than he received from the Lewis and Clark County District Court. In compliance with this Court's May 17, 2022 Order, the Attorney General has filed a response that Lehto is entitled to an additional 23 days of credit for pre-trial detention but that he is not entitled to any street time credit.

The State provides additional details to Lehto's background, which we summarize. In December 2017, the State charged Lehto with felony attempted theft and two misdemeanors in Lewis and Clark County District Court. In May 2018, Lehto pleaded guilty to the felony in exchange for dismissal of the misdemeanors. The District Court imposed a three-year, suspended term to the Department of Corrections (DOC) and granted one day of credit for time served. In August 2018, the State sought revocation of Lehto's suspended sentence due to a report of violation, citing multiple positive urine tests for illegal drugs. His Probation Officer placed him in Enhanced Supervision Program in July, and then, Lehto failed to report to the program the next month. Lehto was arrested for new charges on August 16, 2018, and he posted bond eight days later. The District Court issued an arrest warrant for his pending revocation of his previous sentence. Lehto was arrested on August 28 for other violations, and on August 31, he was served with the court's arrest

warrant. Lehto was placed in the Lewis and Clark County Detention Center on September 6, 2018, and the State filed a supplemental report with additional probationary violations. After his release and accruing new charges, Lehto finally appeared before the District Court on the pending petition to revoke on October 2, 2018. The District Court, after holding an evidentiary hearing, revoked Lehto's suspended sentence and imposed a three-year DOC commitment. The court granted Lehto seventeen days of credit for time served on December 12, 2017, and for September 6-21, 2018.

Lehto claims that he sat in jail for over thirty-five days between Billings and Butte before the revocation and his release. Lehto requests "credit for jail time served and/or street time[.]" He argues that he is entitled to thirty-five days "between the two counties pending [his] bond being posted." He explains that he was able to post bond while in Helena and that his Probation Officer (PO) filed a Petition to Revoke under the wrong cause number for a Roosevelt County case that he had since discharged. He states that "[t]he Helena jail refused to release [him] for 15 days after posting bond due to [his] PO's clerical error."

The State acknowledges the PO's clerical error as well as DOC's record keeping capabilities concerning actual dates of jail and release dates for Lehto. The State provides that it has erred in Lehto's favor by calculating his incarceration time and has included the time period from August 28, 2018 to September 6, 2018 as time spent in pre-trial detention. The State concludes that Lehto is entitled to forty days of credit for time served: one day for December 12, 2017, and thirty-nine days from August 16 to September 28, 2018.

The State points out, however, that Lehto is not due any street time credit. While the District Court may not have provided its reasons for the denial of probationary time, pursuant to § 46-18-203(7)(b), MCA, the State contends that Lehto's sentence is not facially invalid. The State relies on the Probation Officer's Reports of Violations filed in the District Court where Lehto incurred repeated violations of his probationary conditions. *See State v. Jardee*, 2020 MT 81, ¶¶ 10, 12, 399 Mont. 459, 461 P.3d 108. The State concludes that like probationer Jardee, the record supports Lehto's continued violations of his sentence during the entirety of the elapsed time, or time while on probation.

2

We agree with the State. Lehto is not due any credit for time while on probation, but he is due additional credit for time served prior to sentencing. Section 46-22-101(1), MCA. Therefore, having concluded that a portion of Lehto's sentence is facially invalid, we agree that remand to the District Court is appropriate for correction. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087.

IT IS ORDERED that Lehto's Petition for Writ of Habeas Corpus is GRANTED in part and Lehto's underlying matter is REMANDED to the First Judicial District Court, Lewis and Clark County, to amend its October 26, 2018 Order Revoking Defendant's Suspended Sentence and Amended Judgment and Commitment by striking the existing dates for credit for time served and inserting: December 12, 2017; and August 16, 2018 to September 28, 2018.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Christopher D. Abbott, District Court Judge; Angie Sparks, Clerk of District Court, Lewis and Clark County, under Cause No. DDC-2017-513; counsel of record, and Kristopher Gene Lehto personally.

DATED this ⟨12⟩ day of July, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices