FILED

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0440

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0440

CHRISTOPHER L. McCORMICK,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

OCT 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Christopher L. McCormick has filed a verified Petition for Writ of Habeas Corpus, explaining that he seeks additional jail time credit on a sentence entered in the Nineteenth Judicial District Court, Lincoln County. In compliance with this Court's August 19, 2022 Order, the Department of Corrections (Department) has responded that McCormick's Petition should be denied in part, except for the three days of credit for time served from February 4-7, 2020.

The Department provides more details about McCormick's sentencing history. The District Court originally deferred imposition of sentence for two years for McCormick's strangulation of a partner or family member in January 2020. The court awarded 27 days of credit for time served from October 19, 2019, to November 15, 2019.

On December 14, 2020, the State filed a Petition to Revoke, and subsequently an Amended Petition to Revoke. The District Court held a probation violation hearing on February 24, 2021. The court found that McCormick had violated his conditions of probation and revoked the deferred sentence, imposing a five-year term to the Montana State Prison. The court awarded 82 days of jail time credit as well as 42 days of street time or time while on probation (elapsed time).

McCormick contends that he is due additional credit for jail time and includes a listing of dates. For example, he has included 42 days of credit for receiving treatment in the Veterans' Administration facility (VA) from June 2, 2020, until July 14, 2020. McCormick also requests 522 days credit based on his assertion that good time credit applies to his sentence on a "DAY for DAY" calculation, relying on *MacPheat v. Mahoney*, 2000 MT 62, 299 Mont. 46, 997 P.2d 753.

The Department responds that McCormick is mistaken. The Department points out that good time credit applies to sentences imposed before 1995 and this credit does not exist after the Montana Legislature repealed the statute. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). In its response, the Department details the dates and the corresponding credit for either jail time or street time. Besides 27 days mentioned above, the Department lists 43 days from December 5, 2020, to January 17, 2021, and 12 days from February 12 to February 24, 2021, as credit for jail time served, totaling 82 days. The Department explains that the court awarded 42 days of street time credit when McCormick served his probationary term without violations. The Department further points out that many of McCormick's listed dates overlap or that he does not have any additional proof for requesting such credit. *In re Hart*, 178 Mont. 235, 249, 583 P.2d 411, 419 (1978). The Department concedes that McCormick is due the three-day credit for February 4 through February 7, 2020, when he was under a 72-hour hold for a probation violation.

We conclude the Department's calculations of credit McCormick is entitled to are correct. Except for the three days credit while he was in custody, McCormick is not entitled to any additional credit. Sections 46-22-101(1), and 46-18-203(7)(b) MCA. When a portion of a sentence is invalid, it is better to remand the matter to the District Court. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 127, 231 P.3d 1087. Accordingly,

IT IS ORDERED that McCormick's Petition for Writ of Habeas Corpus is GRANTED, in part, and this proceeding is remanded to the Nineteenth Judicial District Court, to amend its March 1, 2021 Judgment and Sentence to include three additional days

of credit for time served.    IT IS FURTHER ORDERED that McCormick's Petition for Writ of Habeas Corpus is DENIED as to all other claims.

The Clerk is directed to provide a copy of this Order to:  the Honorable Matthew J. Cuffe, District Court Judge; Tricia Brooks, Clerk of District Court, Lincoln County, under Cause No. DC-19-133; counsel of record; and Christopher L. McCormick, personally.

DATED this ⎯4ᵗʰ⎯ day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3