FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0113



## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0113

PAUL ANTHONY EMRICH,

    Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correctional Center,

    Respondent.

FILED

APR 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Paul Anthony Emrich has filed a Petition for Writ of Habeas Corpus, asserting that he is due credit of 222 days for jail time served to be applied to his recent sentence from the Missoula County District Court. He includes a copy of the Judgment and a sentence calculation. In compliance with this Court's February 28, 2023 Order, the Attorney General responds that Emrich is entitled to 218 days of credit.

The State provides more detail about Emrich's criminal history in the Missoula County District Court that we now summarize. In open court on October 6, 2020, the District Court sentenced Emrich in two different matters. The District Court revoked his 2015 sentence for felony aggravated assault based upon probation violations and sentenced him to the Department of Corrections (DOC) for an unsuspended, eight-year term (sentence upon revocation). The District Court awarded 1,268 days of street time credit and jail time credit of 222 days in the Judgment for the sentence upon revocation. The court also committed him to the DOC for his guilty plea to felony intimidation and imposed a five-year sentence with no time suspended (Cause No. DC 20-109 or 2020 sentence). The court ran the 2020 sentence concurrently to his sentence upon revocation. The court did not mention any credit for time served.

Emrich argues that he was taken into custody on February 27, 2020, and that he was sentenced on October 6, 2020. He requests amendment of the court's Judgment to include credit of 222 days for time served.

The State explains that, based solely on the record of Emrich's 2020 sentence, Emrich is entitled to an award of credit for time served of 218 days. The State points out that when Emrich was arrested on February 27, 2020, it was for his probation violations concerning his 2015 sentence and subsequent sentence upon revocation. The State explains that Emrich made his initial appearance on March 3, 2020, when the court set bond at $100,000 and that Emrich remained incarcerated until the October 6, 2020 sentencing date.

Given that a portion of Emrich's sentence is illegal, we conclude that remanding his underlying matter to the District Court is proper. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. The District Court should amend its May 26, 2021 Judgment[1] to include the following:

> The Defendant shall receive credit against his sentence for time served in the amount of two hundred eighteen (218) days.

Accordingly,

IT IS ORDERED that:

1. Emrich's Petition for Writ of Habeas Corpus is GRANTED in part and Emrich's underlying criminal matter, Cause No. DC 20-109, is REMANDED to the Fourth Judicial District Court, Missoula County, to amend its May 26, 2021 Judgment, to reflect credit for time served as shown above; and

2. this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Jason Marks, District Court Judge; Shirley E. Faust, Clerk of District Court, under Cause No. DC 20-109; counsel of record, and Paul Anthony Emrich personally.

DATED this ⸺11⸺ day of April, 2023.

_____
Chief Justice

---

[1] The District Court held the sentencing hearing on October 6, 2020, and the written judgment was signed and filed on May 26, 2021.

2

_____

_____

_____

_____
Justices