
ORIGINAL

FILED

08/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0332

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0332

BAILEY CONNOR LAKE,

    Petitioner,

v.

BOB OLSEN, ADMINISTRATOR,
S.T.A.R.T. PROGRAM,

    Respondent.

O R D E R

FILED

AUG - 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Bailey Connor Lake has filed a Petition for Writ of Habeas Corpus, requesting additional time to be credited toward his sentence upon revocation. In compliance with this Court's June 5, 2024 Order, the State has responded. It agrees that Lake is entitled to some additional credit.

The State provides Lake's sentencing history. In 2020, the State charged Lake with criminal possession of dangerous drugs. Lake later entered a guilty plea in the Sanders County District Court. On December 1, 2020, the District Court deferred imposition of sentence for two years and awarded fifty-seven days of credit for time served. On August 3, 2021, the State sought to revoke Lake's deferred sentence and filed an affidavit alleging four violations of supervisory conditions. The State also filed new charges in a separate case—seven felonies and one misdemeanor. The State and Lake entered into a global plea agreement for resolution of both the pending petition to revoke and Lake's new case. Per that agreement, Lake agreed to admit to his probationary violations as well as to three criminal counts in his new case in exchange for the State agreeing to dismiss the five remaining counts. On February 15, 2022, the District Court sentenced Lake in both matters.[1] The court revoked his deferred sentence and committed him to the Department

---

[1] The District Court committed Lake to the DOC for the three felonies for a concurrent, five-year term and two concurrent, fifteen-year terms with ten years suspended. This sentence is not at issue

of Corrections (DOC) for five years to run concurrently with the sentence on his new charges. The court's written judgment did not mention or include any credit for time served or elapsed time.

Lake contends that he is due 234 days of credit for time while on probation from December 1, 2020 to July 23, 2021, the date of his pick-up and hold. Lake requests that the DOC recalculate his sentence upon revocation because his time while on probation, designated as elapsed time or street time, "was never credited toward[] [his] sentence." Lake includes a copy of the DOC's Location Terms that lists where an offender is placed or restrained.

The State concedes that Lake is due some of his claimed elapsed time credit. The State posits that Lake has not claimed a facially invalid sentence, only that he is due credit. The State puts forth that Lake is due only 43 days of credit while on probation for his deferred sentence because he began violating his terms on January 12, 2021, shortly after his December 1, 2020 sentencing date. The State recounts that Lake became increasingly non-compliant while on probation with eight positive drug tests, fourteen failures to call in for randomized drug testing, and one occasion of tampering with a drug patch. The State concludes that due to Lake's repeated probationary violations, he is not entitled to 234 days of credit, but 43 days. The State explains that the District Court recently issued an Order amending the revocation judgment to crediting Lake with 265 days of credit for time served.[2] Attaching an affidavit from the Montana State Prison's Records Bureau Chief, the State adds that the DOC never received a copy of the court's recent Order. Consequently, the DOC has not re-calculated his sentence. The State requests that this

---

here. We mention it, as the State acknowledged in its response that the District Court awarded Lake 265 days of credit in that written judgment.

[2] The State puts forth that the total of 265 days comes from the original fifty-seven days of credit in the deferred sentence along with 208 days from the July 23, 2021 pick-up and hold until February 15, 2022, the date of the sentence upon revocation.

Court remand Lake's underlying matter to the District Court to amend the written judgment, reflecting the appropriate credit.

Given the State's analysis of the credit of time that should be applied to Lake's sentence upon revocation, we conclude that it is appropriate to remand the matter to the Sanders County District Court for amendment of its March 2022 Judgment. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Therefore,

IT IS ORDERED that Lake's Petition for Writ of Habeas Corpus is GRANTED in part. Lake's underlying criminal matter, Cause No. DC-20-37, is REMANDED to the Twentieth Judicial District Court, Sanders County, to AMEND its March 9, 2022 Judgment on revocation to include the 265 days of credit it already allowed for time served along with an additional 43 days of elapsed time credit.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable John Mercer, District Court Judge; Cynthia Neste, Clerk of Court, under Cause No. DC-20-37; Naomi R. Leisz, Deputy County Attorney; Britt Cotter, Defense Counsel; counsel of record, and Bailey Connor Lake personally.

DATED this _____ day of August, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3