ORIGINAL

FILED

12/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0622

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0622

DARREN DEE GOLDSMITH, SR.,

Petitioner,

v.

BOB OLSON, Program Administrator,
S.T.A.R.T.,

Respondent.

FILED

DEC 1 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Darren Dee Goldsmith, Sr. has filed a Petition for Writ of Habeas Corpus, claiming he is due additional credit toward his current sentence of at least 655 days. In compliance with this Court's November 6, 2024 Order, the Department of Corrections (the Department or DOC) responds that the Department has corrected his custodial release date and that he is not due additional elapsed time credit.

The Department and Goldsmith provide his history, which we summarize here. In the First Judicial District Court, Lewis and Clark County, the State charged Goldsmith with two counts of assault with a weapon in July 2013. He pleaded guilty to both counts the next spring, and the court held a sentencing hearing. The District Court imposed two, concurrent prison terms of twenty years with fifteen years suspended. The court also awarded credit for time served from July 1, 2013 to July 24, 2014.

On August 10, 2023, the District Court issued a written order that revoked Goldsmith's suspended sentence for absconding. The court imposed two, concurrent terms of fifteen years, all suspended. The court awarded credit for time served from June 22, 2023 to August 10, 2023, and credit for street time from June 29, 2018 to April 22, 2021.[1]

---

[1] The District Court had the correct year of 2018 in its Order Revoking Defendant's Sentence and Amended Judgment, filed August 10, 2023. The 2018 year appears underlined in the Second Amended Order Revoking Defendant's Sentence and Amended Judgment and Commitment. (Emphasis in original).

As attached to Goldsmith's Petition, the District Court issued a <u>Second Amended</u> Order Revoking Defendant's Sentence and Amended Judgment and Commitment on July 22, 2024 (emphasis in original) (hereinafter Second Amended Order). The court re-sentenced Goldsmith to the DOC on one count, imposing a fifteen-year prison term with nine years suspended. The court awarded credit as follows:

| | |
|---|---|
| Street time credit: | June 29, <u>2018</u> – April 22, 2021;<br>August 10, 2023 – October 20, 2023; |
| Credit for time served: | June 22, 2023 – August 10, 2023;<br>October 30, 2023 – May 23, 2024 |

(Emphasis in original).

Goldsmith contends that errors with the dates exist, thereby affecting his prison discharge date. He explains that his arrest was on October 30, 2023, not October 20, 2023, which would give him additional street time credit of ten days beginning August 10, 2023. He further states that he is due additional street time credit of more than two years. He provides copies of a sentence calculation and the Second Amended Order.

The Department explains that it either did not receive a copy of the Second Amended Order or that it did not apply the change of the date from June 29, 2019 to June 29, 2018 for the commencement of street time credit, as mentioned above. After reviewing Goldsmith's Petition and attachments, the DOC has since calculated his sentence and updated his release date. The Department points out that Goldsmith's corrected sentence spreadsheet calculates his prison discharge date to be September 3, 2026, which is one year earlier than previously calculated.

Turning to his other claim about additional street time credit of twenty-six months, the Department responds in opposition. The Department points out that Goldsmith wants credit for the time period from April 22, 2021 to June 22, 2023. The Department explains that this time period was not credited to him because Goldsmith had absconded from his Probation Officer in Colorado. The Department states that the Probation Officer requested a warrant on April 22, 2021, and that on June 22, 2023, Goldsmith was arrested in Washington State and returned to Montana. The Department points to the District Court's

2

revocation order where it did not refer to the above time frame, most likely due to Goldsmith not being in contact with supervision.

Lastly, the Department states that the District Court did not award the nine-day period between October 21, 2023 to October 29, 2023, as elapsed time credit. The Department provides that it "cannot find any documentation why the court excluded this time." The Department concludes that this Court should dismiss Goldsmith's Petition because his sentence and prison discharge date have been corrected.

We agree with the Department that Goldsmith is not due the entire time of April 22, 2021 to June 22, 2023, when he absconded from supervision. Sections 46-18-203(11)(a), 46-23-1001(1), 46-23-1001(3)(d), MCA (absconding is a non-compliance violation). However, we believe a scrivener's error was made in the judgment by listing the October 20, 2023 date. Reviewing Goldsmith's attached Location Term Listing, Goldsmith began his probationary time with the Helena Probation and Parole Office on August 10, 2023, the commencement of his credit for street time in the court's Order. The end date is October 30, 2023, the date of his arrest. Instead of October 20, 2023 as the end date for his street time credit, we posit that it should be October 29, 2023. Goldsmith's Report of Violation supports this.

We conclude that it is appropriate to remand the matter to the District Court for amendment. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Therefore,

IT IS ORDERED that Goldsmith's Petition for Writ of Habeas Corpus is GRANTED IN PART and we REMAND Goldsmith's underlying matter, Cause No. DDC-2013-199, to the District Court for amendment of the second listed line of the street time credit on page 2 to reflect August 10, 2023 to October 29, 2023 in the Second Amended Order Revoking Defendant's Sentence and Amended Judgment and Commitment, issued in the First Judicial District Court, Lewis and Clark County.

IT IS FURTHER ORDERED that Goldsmith's other claims are DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Christopher D. Abbott; District Court Judge; Angie Sparks, Clerk of District Court, under Cause No. DDC-2013-199; counsel of record; Bob Olson, S.T.A.R.T.; and Darren Dee Goldsmith Sr.

DATED this 17 day of December, 2024.

Justices